UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL WEBBER,

    Plaintiff,                        CASE NO. 05-CV-10126

v.                                  DISTRICT JUDGE DAVID M. LAWSON
                                    MAGISTRATE JUDGE CHARLES BINDER

STANDISH MAXIMUM
CORRECTIONAL FACILITY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be ***SUA SPONTE DISMISSED WITH PREJUDICE*** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**II.    REPORT**

    **A.    Introduction**

On May 16, 2005, this *pro se* case was referred to the undersigned Magistrate Judge for general case management by United States District Judge David M. Lawson. Plaintiff, a prisoner, is currently housed at the Michigan Department of Correction's Standish Maximum Facility. Plaintiff's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915 was granted

on June 17, 2005. After screening the *pro se* prisoner complaint, I conclude that the case is ready for Report and Recommendation.

### B. Screening Provisions

The United State Code provides that a federal district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Moreover, when a plaintiff is proceeding IFP, the following statute requires the Court to *sua sponte* review the case:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . . .
> > (B) the action or appeal--
> > > (I) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar

pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

**C.     Discussion**

Plaintiff alleges in his *pro se* complaint that on September 9, 2004, he was refused medical treatment for a serious cut on his arm by eleven corrections officers (Officers Kolbe, Sheffield, Watson, Good, Mativea, Davis, Roth, Sevrais, Smith, Williamson, and Babcock) and seven medical personnel (Sharpe, Alexander, Quiterro, Paustics, Daniels, Wright, and Leon). The only defendant Plaintiff has named in the suit, however, is the Standish Maximum Facility itself, and the sole relief Plaintiff seeks is for criminal charges to be brought against the facility, the eleven officers, and the seven healthcare workers for attempted murder and denial of medical treatment. (Compl. at 4.)

I suggest that this case is subject to *sua sponte* dismissal on three independent grounds. First, Plaintiff has not sought relief that is available in a prisoner civil rights suit under 42 U.S.C. § 1983. Plaintiff has not asked for damages or injunctive relief, but rather for criminal charges to be brought against a correctional facility and several of its employees. In our justice system, however, "the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [a prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978).

Second, Plaintiff has failed to sue a proper defendant. The Standish Maximum Correctional Facility is an institution operated by the Michigan Department of Corrections and is not a legal

3

entity capable of being sued. *See, e.g., Heggenmiller v. Edna Mahan Corr. Inst. for Women,* No. 04-1786, 2005 WL 826070, **1 n.2 (3d Cir. April 11, 2005).

Alternatively, even if the Court liberally construes the complaint as naming all eighteen SMF employees as defendants, the case is nevertheless subject to *sua sponte* dismissal without prejudice for failure to comply with the total exhaustion rule. Pursuant to the Prison Litigation Reform Act, prisoners are required to exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). To meet the burden of demonstrating exhaustion, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640,642 (6th Cir. 2000). The Sixth Circuit has recently held that "mixed" complaints – those raising both exhausted and unexhausted claims – are not allowed under the PLRA. Thus, all claims raised in a complaint must have been completely exhausted prior to filing suit or the entire case will be *sua sponte* dismissed without prejudice. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

In this case, Plaintiff did not attach any grievance documentation to his complaint. He did, however, aver that he filed grievances against one corrections officer and appealed through all three steps of the MDOC's grievance process. (Compl. at 3.) Even if these averments could be liberally construed to meet the exhaustion requirement with regard to that one officer, Plaintiff has not asserted that he submitted grievances against any of the other corrections officers or healthcare providers. Therefore, even if the Court were to construe the complaint as naming the officers and medical personnel as defendants, the case would nevertheless be subject to *sua sponte* dismissal without prejudice for failure to demonstrate total exhaustion.

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                       s/ *Charles E Binder*
                                                       CHARLES E. BINDER
Dated: June 20, 2005                             United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Daniel Webber and Honorable David M. Lawson.


Dated:  June 20, 2005                      By          s/Mary E. Dobbick
                                                        Secretary to Magistrate Judge Charles E. Binder