UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL WEBBER,

        Plaintiff,

                                                        Case Number 05-10126-BC

v.                                                    Honorable David M. Lawson

STANDISH MAXIMUM CORRECTIONAL FACILITY,

        Defendant.

        _____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE

        The plaintiff in this case is a Michigan prisoner who has filed a *pro se* complaint for damages alleging that his civil rights have been violated by eighteen different prison officials. The matter was referred to Magistrate Judge Charles E. Binder for general case management, and thereafter the magistrate judge filed a report recommending that the Court *sua sponte* dismiss the action because (1) the plaintiff did not sue a legally recognized entity; (2) the plaintiff failed to name a proper individual defendant; and (3) the plaintiff did not demonstrate that he exhausted his remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The report was filed on June 20, 2005. Thereafter, the plaintiff appears to have sent correspondence to Court, which has been docketed on August 19, 2005 as objections to the report and recommendation.

        The correspondence constitutes an attempt to respond to the report, but it is not well stated. In the document, the plaintiff claims that the legal envelope sent with this writing is a portion of his legal work. The rest apparently was thrown away in a "shake down." The plaintiff further states that Magistrate Judge Binder wants to reject his case because the magistrate judge thinks that the plaintiff has failed to file grievances or otherwise write for help. The plaintiff has attached

expedited mail receipts from the prison mail system showing in his opinion that he has in fact begged for help from the FBI and the US Marshals, among others. Other grievances are missing as a result of "shake downs," he says.

The plaintiff insists that he is still being denied medical treatment. He also believes that nothing gets done by mail because the mail continually turns up missing. He would have filled out any paperwork the Court sent, but he has received none. However, the plaintiff no longer wishes to place his only copies of documents in the mail. If it was unclear before, the plaintiff states that his intention is to sue not only the Standish facility, but also all staff involved. He wants the offending staff criminally charged.

Finally, the plaintiff asks the Court to take a hard look at his "work," and let this case proceed. This prison, he laments, is crazy and something needs to be done.

None of this, however, changes the fact that the plaintiff has not sued a proper defendant or demonstrated satisfactorily that he has complied with the administrative exhaustion requirement. Therefore, the Court will construe the correspondence as objections to the report and recommendation and overrule them.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED** and the plaintiff's objections thereto are **OVERRULED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: November 8, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2005.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS